Reversed and Remanded and Memorandum
Opinion filed March 8, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00111-CV



Randall
Patterson, Appellant 

v.

City of
Brenham, Texas, Appellee 



On Appeal from
the 21st District Court

Washington County, Texas

Trial Court
Cause No. 34262



 

MEMORANDUM OPINION 

Randall Patterson appeals from the trial court’s
grant of the City of Brenham, Texas’s motion for summary judgment.  Patterson,
a former city employee, filed the present lawsuit seeking to have the court order
Brenham to make payments to Patterson’s account with Texas Municipal Retirement
Services (TMRS).  We reverse the trial court’s judgment and remand for further
proceedings in accordance with this opinion.

Background

The City of Brenham released Randall Patterson from
his employment in May 2005.  Afterwards, the parties signed a release agreement
under which Brenham agreed to pay Patterson $36,947.87 and Patterson allegedly
agreed to waive some potential claims against Brenham.

After signing the agreement, Patterson sought to have
Brenham make payments to the United States Internal Revenue Service (IRS) and
TMRS based on the amount he had received under the agreement.  The IRS issued a
letter ruling in Patterson’s favor, explaining that the sum he received under
the agreement met the IRS definition of “wages,” and thus federal withholding
was required on the amount.  After the IRS denied Brenham’s request for
reconsideration in a second letter ruling, Brenham amended Patterson’s 2005 W-2
form to add the amount paid him under the agreement and did not appeal to the
federal district court as it was entitled to do.

When Brenham refused to also make a deposit into
Patterson’s TMRS account, Patterson brought the present lawsuit, seeking a writ
of mandamus to force Brenham to make a contribution of $4,618.  Both sides
filed motions for summary judgment.  In its motion, Brenham raised two grounds
for summary judgment:  (1) that Patterson had waived any right to the TMRS
contribution by signing the release agreement; and (2) that the payment under
the agreement was not “compensation” as that term is defined by section
851.001(6) of the Texas Government Code, and thus no TMRS contribution was
required under sections 855.403 through .406.  Tex. Gov’t Code §§ 851.001(6), 855.403–.406.[1]  The trial
court granted Brenham’s motion without specifying a basis for doing so.

Brenham refers in its motion to an attached copy of
the release agreement; however, the appellate record indicates that in fact no
copy was attached to the motion.  The only apparent attachment to the motion as
filed was an affidavit from the Brenham city manager, Terry K. Roberts.  In his
affidavit, Roberts basically averred that all facts stated in the motion were
true but provided no basis for such knowledge.

The only copy of the release agreement contained in
the record appears to have been filed separately from the motion for summary
judgment and after the date on which the motion was filed.  It is a
free-floating document, without a filing letter or motion attached.  It is
file-marked with a date and time that matches the file mark on the court’s
signed judgment (November 19, 2009, 1:57 p.m.).  Patterson states in his reply
brief that the summary-judgment hearing was at 10:30 that same morning, but
there is no evidence  in the record to establish the time of the hearing.

As mentioned, Patterson also filed a motion for
summary judgment.  The record, however, contains no indication that the trial
court ruled on this motion or even that the court was aware of the motion.  In
its final judgment, the court expressly referenced, and ruled upon, only
Brenham’s motion.  In the conclusion of his initial brief, Patterson suggested
that his motion should have been granted.  However, as Brenham points out in
its brief, Patterson has not raised any issues or points of error asserting
that the trial court erred in refusing to grant his motion; all issues are
directed to the court’s granting of Brenham’s motion.  Additionally, in the
prayer at the end of his reply brief, Patterson simply asked this court to
reverse and remand the judgment.  Accordingly, we will limit our consideration
in this appeal to the trial court’s grant of Brenham’s motion for summary
judgment.

Analysis

            We review a grant
of traditional summary judgment under a de novo standard.  Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  We take
as true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  The movant
bears the burden of showing that there are no genuine issues of material fact
and it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  Where,
as here, a trial court grants summary judgment without specifying the grounds
therefore, we must affirm the judgment if any of the grounds presented in the
motion is meritorious.  FM Props. Operating Co. v. City of Austin, 22
S.W.3d 868, 872–73 (Tex. 2000).

As stated above, the two grounds for judgment
presented in Brenham’s motion were:  (1) that Patterson waived his rights by
signing the release agreement; and (2) that the payment under the agreement was
not compensation under applicable law.  Among his four issues on appeal,
Patterson asserts that Brenham failed to present conclusive evidence regarding
the contents of the release agreement or the nature of the payment to Patterson
under that agreement.[2]

Indeed, the record on appeal does not demonstrate
that the release agreement itself was submitted to the court prior to the
court’s signing the judgment.  We cannot determine whether the trial court
relied on the subsequently filed agreement; the record provides no indication
that the trial court granted leave to file the agreement after the motion
itself was filed or considered the late-filed agreement.  See Heartland
Holdings, Inc. v. U.S. Trust Co. of Tex. N.A., 316 S.W.3d 1, 14 (Tex.
App.—Houston [14th Dist.] 2010, no pet.) (explaining that a trial court may consider
late-filed summary judgment evidence so long as it affirmatively indicates in
the record that it accepted or considered the evidence.).  Brenham purported to
quote selected portions of the release in its motion, but it did not attach the
document itself or a copy.  Under these circumstances, we do not consider the
purported copy of the release agreement that was filed separately from the
motion for summary judgment.

Furthermore, even if the portions of the agreement quoted
in the motion could be reviewed as summary-judgment evidence, we cannot
properly interpret the agreement in the absence of the entire agreement.  See
Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)[3]; see
also Wheeler v. White, 314 S.W.3d 225, 229–30 (Tex. App.—Houston [14th
Dist.] 2010, pet. denied) (holding that under certain very limited
circumstances [not at issue in this case], a portion of a document could be
interpreted even when the remainder of the document was not in evidence); see
also Wheeler, 314 S.W.3d at 232–39 (Frost, J., dissenting) (arguing for an
even more restrictive rule).

In his affidavit attached to Brenham’s motion, the
Brenham city manager purported to verify all factual statements in the brief,
but he gave no basis for having knowledge of the facts presented.  See Southtex
66 Pipeline Co., Ltd. v. Spoor, 238 S.W.3d 538, 542–43 (Tex. App.—Houston
[14th Dist.] 2007, pet. denied) (“Merely reciting that an affidavit is made on
personal knowledge is insufficient.  Instead, the affidavit must go further and
disclose the basis on which the affiant has personal knowledge of the facts
asserted.”).

In the absence of the entirety of the release
agreement in evidence, it is impossible to know exactly what Patterson released
or waived in signing the agreement.  There is also scant evidence in the record
regarding the nature of the payments to Patterson made pursuant to the
agreement.  Attached to Patterson’s response to Brenham’s motion for summary
judgment are two letters from the IRS.  In the letter regarding Brenham’s
request to reconsider the IRS’s original holding, the IRS representative laid
out Brenham’s argument that the payments were strictly for settlement of legal
disputes and not wages.  However, as the letter explains, the IRS rejected this
position based on an internal regulation.  This letter is certainly not
conclusive evidence in Brenham’s favor on the nature of the payments.[4]

In the absence of conclusive evidence establishing
either of Brenham’s grounds for traditional summary judgment, the trial court
erred in granting Brenham’s motion.  We sustain Patterson’s issues to the
extent that he has asserted that Brenham failed to meet its burden of showing
that there are no genuine issues of material fact and that it is entitled to
judgment as a matter of law.  Because we sustain the issues on this basis, we
need not address the remaining arguments.

            We reverse the
trial court’s judgment and remand for further proceedings in accordance with
this opinion.

 

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

 









[1]
As relevant to our analysis here, section 851.001(6) defines “compensation” as
“the sum of payments made to an employee for performance of personal services,
as certified on a written payroll of an employing department . . . .”  Tex.
Gov’t Code §§ 851.001(6).





[2]
In his four issues Patterson generally argues that the trial court erred in
granting Brenham’s motion for summary judgment because (1) Patterson provided
evidence that the alleged severance payment to him was reported as wages for
federal purposes, (2) Brenham is collaterally estopped from claiming that the
payment was not wages, (3) the doctrine of quasi-estoppel prevents Brenham from
claiming that the payment was not wages, and (4) Patterson did not waive or
release his rights to any TMRS benefits.





[3]
The Coker court explained as follows:

In construing a written
contract, the primary concern of the court is to ascertain the true intentions
of the parties as expressed in the instrument.  To achieve this objective,
courts should examine and consider the entire writing in an effort to harmonize
and give effect to all the provisions of the contract so that none will be
rendered meaningless.  No single provision taken alone will be given controlling
effect; rather, all the provisions must be considered with reference to the
whole instrument.

650
S.W.2d at 393.





[4]
In support of his description of the payments, Patterson offered a copy of his
revised W-2 form, a series of emails he purportedly wrote to Brenham officials,
the IRS determination letters, and a letter from TMRS.  However, we need not
determine the value of this evidence because Brenham failed to meet its
summary-judgment burden by producing evidence in support of its position.